UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

In Re:

WHITE WILSON MEDICAL CENTER, PA,      Chapter 11
Case No. 25-40486

    Debtor.
_____/

# NOTICE OF FILING DEBTOR'S REVISED PROPOSED BUDGET AND REVISED PROPOSED ORDER FOR CASH COLLATERAL HEARING SCHEDULED FOR OCTOBER 8, 2025 AT 2:00 P.M.

Debtor, WHITE WILSON MEDICAL CENTER PA (the "Debtor"), by and through its undersigned counsel, hereby gives notice of the filing of the attached revised proposed budget in support of the Debtor's *Emergency Motion for Authority to Use Cash Collateral* (Doc. No. 6) scheduled for a continued hearing on October 8, 2025 at 2:00 P.M. Also attached is a redline and clean version of the revised proposed Interim Order Granting the Cash Collateral Motion. The revised budget and order are consistent with the agreement between the Debtor and InsBank.

DATED: October 8, 2025.
    /s/ Alberto F. Gomez, Jr.
    Alberto ("Al") F. Gomez, Jr. (FBN: 784486)
    Michael C. Markham (FBN: 768560)
    Johnson Pope Bokor Ruppel & Burns LLP
    400 N Ashley Drive, Suite 3100
    Tampa, Florida 33602
    Telephone: (813) 225-2500
    Email: al@jpfirm.com
           mikem@jpfirm.com
    Attorneys for Debtor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of *Notice of Filing* was furnished on October 8, 2025, by the Court's CM/ECF system to:

- **Adisley Cortez-Rodriguez** adisley.m.cortez-rodriguez@usdoj.gov
- **James M. Donohue** jdonohue@ausley.com, sshaffer@ausley.com
- **Jason H. Egan** jason.h.egan@usdoj.gov
- **Alberto F. Gomez** al@jpfirm.com, andrenaw@jpfirm.com; KatherineB@jpfirm.com
- **Michael C Markham** mikem@jpfirm.com, angelinal@jpfirm.com; minervag@jpfirm.com; katherineb@jpfirm.com; andrenaw@jpfirm.com
- **Scott A. Stichter** sstichter.ecf@srbp.com, srbpecf@srbp.com
- **United States Trustee** USTPRegion21.TL.ECF@usdoj.gov
- **Michael Austen Wynn** mwynn@srbp.com, mwynn.ecf@srbp.com; hcloud@srbp.com

                                            */s/ Alberto ("Al" F. Gomez, Jr.*
                                            Alberto ("Al") F. Gomez, Jr.

**White-Wilson Medical Center, PA**
**2025 Q4 Cash Projection**

|  | October | November | December | 4th Qtr 2025 |
|---|---:|---:|---:|---:|
| *Expected beginning cash balance* | $ 909,434 | $ 575,681 | $ 126,817 | $ 909,434 |
| Expected Patient Collections | $ 4,007,730 | $ 3,400,404 | $ 3,775,808 | $ 11,183,941 |
| Other Income | 224,614 | 208,579 | 218,814 | 652,007 |
| *Sub-total Sources* | $ 4,232,344 | $ 3,608,983 | $ 3,994,622 | $ 11,835,948 |
| Physician Payroll | $ (865,397) | (576,931) $ | (576,931) | $ (2,019,260) |
| Extender Payroll | (375,485) | (250,324) | (250,324) | (876,132) |
| Employee Payroll | (1,021,146) | (680,764) | (680,764) | (2,382,674) |
| C-Suite Payroll | (50,402) | (201,607) | (100,804) | (352,812) |
| Payroll Taxes | (176,901) | (130,786) | (123,075) | (430,762) |
| Physican/Extender Incentive Payments Per Contract ** | (375,000) | (75,000) | (75,000) | (525,000) |
| Employer 401(k) funding | (123,000) | (126,750) | (186,000) | (435,750) |
| Employee Health Insurances | (220,385) | (220,385) | (220,385) | (661,155) |
| Rent (Remedy) | - | (270,395) | (270,395) | (540,790) |
| Rent (All other landlords) | - | (31,619) | (31,619) | (63,239) |
| Stockton (Cleaning Services) | - | (48,981) | (48,981) | (97,962) |
| Medpro (Malpractice Insurance) | (44,405) | (44,405) | (44,405) | (133,215) |
| ECHS (Intensivist) | (245,000) | (215,000) | (245,000) | (705,000) |
| First Insurance (Property) | (32,198) | (32,198) | (32,198) | (96,594) |
| Athena (Billing system) | (135,000) | (135,000) | (135,000) | (405,000) |
| CareTrack (RPM Services) | (125,000) | (125,000) | (125,000) | (375,000) |
| ChartSpan (CCM Services) | (125,000) | (125,000) | (125,000) | (375,000) |
| GCI (Telerad) | (80,344) | (80,344) | (80,344) | (241,032) |
| Capital Leases (If undersecured, payment will be suspended or reduced accordingly) | - | (37,800) | (37,800) | (75,600) |
| Smaller Vendor payments (needed for operations) | (494,096) | (594,096) | (594,096) | (1,682,289) |
| Debt Payments (INS Bank - Interest only @8.5% for November and December)* | (52,337) | (30,460) | (30,460) | (113,257) |
| Postpetition Professional Fee Reserve (to be held in trust by Debtor's Counsel) | (25,000) | (25,000) | (25,000) | (75,000) |
| *Sub-total Uses* | $ (4,566,097) | $ (4,057,846) | $ (4,038,581) | $ (12,662,524) |
| *Expected ending cash balance* | $ 575,681 | $ 126,817 | $ 82,858 | $ 82,858 |

\* To be held in segragated DIP account by Debtor
\*\* For October forecast, the encounters incentive is expected to be paid in October ($75,000) . The productivity incentive portion is expected to be part of the assumption of contract & plan confirmation ($300,000)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

In Re:

WHITE WILSON MEDICAL CENTER, PA,

Chapter 11
Case No. 25-40486

Debtor.
_____/

**FIRST INTERIM ORDER (1) GRANTING DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL ON AN INTERIM BASIS AND (2) SETTING FURTHER HEARING**

THIS CASE came before the Court for hearing on October 8, 2025 at 2:00 P.M. (the Hearing") for consideration of the *Debtor's Emergency Motion for Authority to Use Cash Collateral* (Doc. No. 6) (the "Motion")[1]. The Motion seeks the entry of interim and final orders authorizing the Debtor to use "Cash Collateral" as defined in Section 363(a) of the Bankruptcy Code.

The Court finds that due and sufficient notice of the Motion and the Hearing was provided to: (i) the Office of the United States Trustee for the Northern District of Florida, (ii) ~~INS Bank~~InsBank and Itria Ventures, LLC (the "Lenders"), (iii) all known secured creditors of the Debtor, and (iv) the twenty (20) largest unsecured creditors of the Debtor, and that no other or further notice is necessary.  The Court considered the Motion, together with the record and the argument of counsel at the

---

[1] Unless otherwise defined herein, capitalized terms shall have the same meaning ascribed to them in the Motion.

Hearing, and it appearing that the use of Cash Collateral to the extent provided herein is necessary on an interim basis in order to avoid irreparable harm to the Debtor, and for the reasons announced on the record at the Hearing which shall constitute the decision of the Court, it is

**ORDERED** that:

1. Notice of the Motion and the Hearing on the Motion was adequate and appropriate in the current circumstances of this Chapter 11 case as contemplated by 11 U.S.C. §102(a) and Fed. R. Bankr. P. 4001(b)(2).

2. The Motion is granted on an interim basis pending a further hearing to be conducted by the Court on \_\_\_\_\_, 2025, at \_\_\_\_ (~~Central~~Eastern) (the "Continued Hearing").

3. The Debtor is authorized, through the date of the Continued Hearing (the "Interim Period"), to use Cash Collateral including, without limitation, cash, deposit accounts, accounts receivable, and proceeds from business operations pending further order of the Court or consent of the Lenders and in accordance with the budget (the "Budget"), a copy of which is attached hereto as **Exhibit A**, so long as the aggregate of all expenses for each ~~week~~ month do not exceed the amount in the Budget by more than ten percent (10%) for any such ~~week~~ month on a cumulative basis (the "Variance"). Notwithstanding the foregoing, expenditures in excess of the Variance or not on the Budget will not be deemed to be unauthorized use of Cash

Collateral, unless the recipient cannot establish that the expense would be entitled to administrative expense priority if the recipient had extended credit for the expenditure.

4. The Debtor is authorized to provide adequate protection, pursuant to sections 363(c)(2)(A) and 363(e) of the Bankruptcy Code, to the Lenders pursuant to the terms and conditions of this Interim Order. As adequate protection with respect to the Lender's interests in the Cash Collateral, the Lenders are granted a continuing and perfected replacement lien in and upon all of the categories and types of collateral in which they held a security interest and lien as of the Petition Date to the same extent, validity and priority that they held as of the Petition Date.

5. As additional adequate protection, the Debtor shall pay InsBank interest only payments at 8.5% per annum with the first payment to be made on November 5, 2025 and continuing on the 5th of each month thereafter. The Debtor has paid its October 2025 payment.

6. The Debtor shall also provide InsBank with budget to actual reporting on a weekly basis. The first report will be due at Noon on Wednesday, October 15, 2025 for the previous week and continuing each Wednesday thereafter for the prior week.

4.7. Should the Debtor default on the terms of this Interim Order, InsBank will be entitled to stay relief in the event such defaults are not cured 48 hours (not

including weekends or holidays) after receiving written notice from InsBank of the default(s).  InsBank shall provide notice of the default and file same with the Court.  The Debtor shall have 48 hours to cure such defaults or file a response seeking expedited consideration.

5.8.   The Debtor is entitled to collect money from parties with outstanding accounts receivable to the Debtor and no creditor or party in interest shall interfere with the Debtor's collection actions.

6.9.   The Debtor shall maintain insurance coverage for the collateral in accordance with the obligations under the loan and security documents between Lenders and the Debtor.  The Debtor shall promptly furnish proof of insurance to InsBank.

7.10.  This Interim Order is not and shall not be construed as determinative as to whether any creditor has a valid lien on any property of the Debtor or the estate.  This Interim Order is not and shall not be construed as determinative as to the extent or amount of any secured claim associated with any such lien.

8.11.  This Interim Order is without prejudice to the Debtor's right to challenge the extent, validity, or priority of any lien or claim of any creditor and is likewise without prejudice to the right of any creditor to seek additional relief concerning Cash Collateral by subsequent motion, or oppose any such challenge,

and nothing contained in this Interim Order shall be deemed to constitute a waiver of any party's rights.

9.12.  This Interim Order is without prejudice to the Debtor's rights to seek authority by separate motion to pay monies in excess of the amounts set forth in the Budget or the Lenders' right to object thereto.

10.13. In accordance with Rule 4001 of the Bankruptcy Rules, the Court finds the Debtor's authorization to use Cash Collateral pursuant to this Interim Order is necessary to avoid immediate and irreparable harm to the Debtor's estate.

11.14. The provisions of this Interim Order shall remain in full force and effect unless modified or vacated by subsequent order of this Court.  The Court shall retain jurisdiction to enforce the terms of this Interim Order.

12.15. This Interim Order shall constitute findings of fact and conclusions of law and shall take effect and be fully enforceable effective as of the Petition Date immediately upon entry hereof. Notwithstanding Bankruptcy Rules 4001(a)(1), 4001(a)(3), 6004(h), 7062 or 9024 or any other Bankruptcy Rule, this Interim Order shall be immediately effective and enforceable upon its entry on the docket and there shall be no stay of execution of effectiveness of this Interim Order as provided in such Rules.

13.16. Debtor shall timely perform all obligations of debtor-in-possession required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the orders of this Court.

Dated: _____

_____
U.S. Bankruptcy Judge

Attorney Al Gomez Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three (3) days of entry of this order.

Prepared by: Al Gomez, Esq.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

In Re:

WHITE WILSON MEDICAL CENTER, PA,

Debtor.
_____/

Chapter 11
Case No. 25-40486

# FIRST INTERIM ORDER (1) GRANTING DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL ON AN INTERIM BASIS AND (2) SETTING FURTHER HEARING

THIS CASE came before the Court for hearing on October 8, 2025 at 2:00 P.M. (the Hearing") for consideration of the *Debtor's Emergency Motion for Authority to Use Cash Collateral* (Doc. No. 6) (the "Motion")[1]. The Motion seeks the entry of interim and final orders authorizing the Debtor to use "Cash Collateral" as defined in Section 363(a) of the Bankruptcy Code.

The Court finds that due and sufficient notice of the Motion and the Hearing was provided to: (i) the Office of the United States Trustee for the Northern District of Florida, (ii) InsBank and Itria Ventures, LLC (the "Lenders"), (iii) all known secured creditors of the Debtor, and (iv) the twenty (20) largest unsecured creditors of the Debtor, and that no other or further notice is necessary.  The Court considered the Motion, together with the record and the argument of counsel at the Hearing, and

---

[1] Unless otherwise defined herein, capitalized terms shall have the same meaning ascribed to them in the Motion.

it appearing that the use of Cash Collateral to the extent provided herein is necessary on an interim basis in order to avoid irreparable harm to the Debtor, and for the reasons announced on the record at the Hearing which shall constitute the decision of the Court, it is

**ORDERED** that:

1. Notice of the Motion and the Hearing on the Motion was adequate and appropriate in the current circumstances of this Chapter 11 case as contemplated by 11 U.S.C. §102(a) and Fed. R. Bankr. P. 4001(b)(2).

2. The Motion is granted on an interim basis pending a further hearing to be conducted by the Court on _____, 2025, at ____ (Eastern) (the "Continued Hearing").

3. The Debtor is authorized, through the date of the Continued Hearing (the "Interim Period"), to use Cash Collateral including, without limitation, cash, deposit accounts, accounts receivable, and proceeds from business operations pending further order of the Court or consent of the Lenders and in accordance with the budget (the "Budget"), a copy of which is attached hereto as **Exhibit A**, so long as the aggregate of all expenses for each month do not exceed the amount in the Budget by more than ten percent (10%) for any such month on a cumulative basis (the "Variance"). Notwithstanding the foregoing, expenditures in excess of the Variance or not on the Budget will not be deemed to be unauthorized use of Cash

Collateral, unless the recipient cannot establish that the expense would be entitled to administrative expense priority if the recipient had extended credit for the expenditure.

4. The Debtor is authorized to provide adequate protection, pursuant to sections 363(c)(2)(A) and 363(e) of the Bankruptcy Code, to the Lenders pursuant to the terms and conditions of this Interim Order. As adequate protection with respect to the Lender's interests in the Cash Collateral, the Lenders are granted a continuing and perfected replacement lien in and upon all of the categories and types of collateral in which they held a security interest and lien as of the Petition Date to the same extent, validity and priority that they held as of the Petition Date.

5. As additional adequate protection, the Debtor shall pay InsBank interest only payments at 8.5% per annum with the first payment to be made on November 5, 2025 and continuing on the 5th of each month thereafter. The Debtor has paid its October 2025 payment.

6. The Debtor shall also provide InsBank with budget to actual reporting on a weekly basis. The first report will be due at Noon on Wednesday, October 15, 2025 for the previous week and continuing each Wednesday thereafter for the prior week.

7. Should the Debtor default on the terms of this Interim Order, InsBank will be entitled to stay relief in the event such defaults are not cured 48 hours (not

including weekends or holidays) after receiving written notice from InsBank of the default(s). InsBank shall provide notice of the default and file same with the Court. The Debtor shall have 48 hours to cure such defaults or file a response seeking expedited consideration.

8. The Debtor is entitled to collect money from parties with outstanding accounts receivable to the Debtor and no creditor or party in interest shall interfere with the Debtor's collection actions.

9. The Debtor shall maintain insurance coverage for the collateral in accordance with the obligations under the loan and security documents between Lenders and the Debtor. The Debtor shall promptly furnish proof of insurance to InsBank.

10. This Interim Order is not and shall not be construed as determinative as to whether any creditor has a valid lien on any property of the Debtor or the estate. This Interim Order is not and shall not be construed as determinative as to the extent or amount of any secured claim associated with any such lien.

11. This Interim Order is without prejudice to the Debtor's right to challenge the extent, validity, or priority of any lien or claim of any creditor and is likewise without prejudice to the right of any creditor to seek additional relief concerning Cash Collateral by subsequent motion, or oppose any such challenge,

and nothing contained in this Interim Order shall be deemed to constitute a waiver of any party's rights.

12. This Interim Order is without prejudice to the Debtor's rights to seek authority by separate motion to pay monies in excess of the amounts set forth in the Budget or the Lenders' right to object thereto.

13. In accordance with Rule 4001 of the Bankruptcy Rules, the Court finds the Debtor's authorization to use Cash Collateral pursuant to this Interim Order is necessary to avoid immediate and irreparable harm to the Debtor's estate.

14. The provisions of this Interim Order shall remain in full force and effect unless modified or vacated by subsequent order of this Court. The Court shall retain jurisdiction to enforce the terms of this Interim Order.

15. This Interim Order shall constitute findings of fact and conclusions of law and shall take effect and be fully enforceable effective as of the Petition Date immediately upon entry hereof. Notwithstanding Bankruptcy Rules 4001(a)(1), 4001(a)(3), 6004(h), 7062 or 9024 or any other Bankruptcy Rule, this Interim Order shall be immediately effective and enforceable upon its entry on the docket and there shall be no stay of execution of effectiveness of this Interim Order as provided in such Rules.

16. Debtor shall timely perform all obligations of debtor-in-possession required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the orders of this Court.

Dated: _____

_____
Karen K. Specie
Chief U.S. Bankruptcy Judge

Attorney Al Gomez Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three (3) days of entry of this order.

Prepared by: Al Gomez, Esq.